IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BULENT CALISKAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2097-G-BN |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE**

Plaintiff Bulent Caliskan filed a *pro se* complaint against his former employer asserting four retaliation-based claims under 42 U.S.C. § 1981. *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred Caliskan's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After Defendant Wells Fargo Bank National Association d/b/a Wells Fargo, N.A. ("Wells Fargo") answered on July 22, 2026, *see* Dkt. No. 7, Caliskan filed a timely first amended complaint as a matter of course on August 4, 2026, *see* Dkt. No. 15; FED. R. CIV. P. 15(a)(1)(B).

This 105-page operative pleading adds as defendants Wells Fargo's parent company and eight individuals and expands the causes of action from four to 55, and these new claims include alleged violations of Title VII and Texas's equivalent statute.

This filing is defective for at least the following reasons.

Foremost, as to most causes of actions it asserts, Caliskan alleges that

"Defendants" are liable. This type of "group pleading" is not allowed, because, in most instances, the Court's "review is particular to each defendant." *Yang v. Nobilis Health Corp.*, No. 20-20538, 2021 WL 3619863, at *2 (5th Cir. Aug. 13, 2021) (per curiam) (citation omitted); *see, e.g.*, *Armstrong v. Ashley*, 60 F.4th 262, 274-75 (5th Cir. 2023) ("Armstrong's allegation also suffers from the distinct problem of group pleading: she simply faults the eight Law Enforcement Defendants as a group without factual material suggesting that any particular defendant suppressed evidence." (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) ("[W]e do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the [illegal conduct] is specifically pled."))).

This requirement particularly applies here because Caliskan's statutory claims may not reach the individual defendants added to the amended pleading.

For example, Title VII claims may only be asserted against "an employer, as defined in the statute, not an individual supervisor or fellow employee, ... regardless of whether the person is sued in his or her individual or official capacity." *Brewer v. Lavoi Corp.*, No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (cleaned up). This means that "Title VII does impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("conclud[ing]

that title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer'")).

Similarly, "[d]istrict courts within the Fifth Circuit have interpreted *Foley[ v. University of Houston System*, 355 F.3d 333 (5th Cir. 2003),] as recognizing individual liability under § 1981 for supervisors who exercise control over employment decisions and were personally involved in the complained-of conduct, but disallowing § 1981 claims against a mere co-worker." *Thomas v. Grundfos, CBS*, No. 4:18-CV-0557, 2019 WL 7838172, at *1 (S.D. Tex. Sept 20, 2019) (collecting cases), *rec. adopted*, 2020 WL 553665 (S.D. Tex. Feb. 4, 2020), *aff'd*, 2021 WL 4693055 (5th Cir. Oct. 7, 2021).

Add to these deficiencies another: as to each count, Caliskan "incorporates all preceding paragraphs as though fully set forth herein."

Claims presented in this "shotgun" manner lack substantive plausibility.

> As opposed to the "short and plain statement" requirement contemplated by [Federal Rule of Civil Procedure] 8, shotgun pleadings contain several counts within a complaint with each count "incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."

*Roe v. Johnson Cnty., Tex.*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357, at *5 (N.D. Tex. July 29, 2019) (cleaned up), *rec. accepted*, 2019 WL 3980737 (N.D. Tex. Aug. 22, 2019).

"Shotgun pleadings are subject to dismissal under [Federal Rule of Civil Procedure] 12(b)(6)," *id.*, "particularly where – as shown by the multiplicity of claims

here – 'the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick,'" *id.* (quoting *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir. 1986)).

Asserting claims in this manner – that is, "by merely attaching a label and/or legal conclusion to no facts unique to that claim or, at best, threadbare unique facts – is not sufficient to state a claim that is plausible on its face." *Lowe v. Dallas Police Dep't*, No. 3:17-cv-704-G-BN, 2017 WL 4863076, at *9 (N.D. Tex. Oct. 17, 2017), *rec. accepted*, 2017 WL 4838980 (N.D. Tex. Oct. 26, 2017).

Caliskan paid the applicable fee. That prevents judicial screening of his case under 28 U.S.C. § 1915.

Still, a district court may "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on 12(b)(6) grounds *sua sponte*." (citations omitted)).

But, instead of recommending that Judge Fish dismiss this amended pleading *sua sponte*, the undersigned will allow Caliskan an opportunity to (1) carefully consider which claims against which defendants belong in this lawsuit and which specific factual allegations could support liability under each claim against an appropriate defendant and then (2) file a second amended complaint by **August 28, 2026** that cures all the deficiencies addressed above (and does not add new ones).

Alternatively, Caliskan can stand behind this pleading as filed and, if so, should respond to this order by **August 28** to show cause why the first amended complaint should not be dismissed on the Court's own motion under Rule 12(b)(6).

No defendant named in the first amended complaint is obligated to respond to that pleading until ordered to do so by the Court.

And, if Caliskan elects to file a second amended complaint that is more deficient than the first amended complaint, he is cautioned that sanctions could be imposed. *See, e.g.*, FED. R. CIV. P. 11(b); *Fletcher v. Experian Info. Solutions, Inc.*, 168 F.4th 231, 239 (5th Cir. 2026) ("Modern generative AI may be a new technology, but the same sanctions rules apply, and the rules we have are well equipped to handle these types of cases." (footnote omitted)).

SO ORDERED.

DATE: August 6, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE